UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN HENRY WADE,

    *Plaintiff*,

v.

DEPARTMENT OF DEFENSE,

    *Defendant*.

Civil Action No. 23-01091 (AHA)

**Memorandum Opinion**

    Plaintiff John Henry Wade brought this *pro se* action against the Department of Defense. His complaint appears to be seeking documents related to a medical examination that he received in 1970 while he served in the Army, which he believes may help him establish that he is entitled to additional disability. The Department of Defense moved to dismiss Mr. Wade's complaint. Mr. Wade's response to the motion was rejected for non-compliance with the federal rules. Despite the Court's advice to Mr. Wade that failure to file a proper response could lead to dismissal of this action, Mr. Wade has not filed a response compliant with the rules. The Court nonetheless proceeds to consider whether Mr. Wade's complaint, construed liberally, survives dismissal and concludes that dismissal is appropriate.

I.     **Background**

    According to the complaint, Mr. Wade served in the Army until 1970, and the Army conducted an examination of his health around the time of his discharge. Mr. Wade's complaint states that he brought this action "for information concerning the separation exam for the hearing . . . separation (audiometer) 6 July 1970 during Separation/discharge at Fort Dix NJ." ECF No. 8

at 10. Mr. Wade appears to seek the documents to assist him in contesting the level of disability that the Army recognized at the time of his discharge. He states that he was granted disability for "10% right ear bilateral" but this assessment was reached "without including the medical exam" results that he seeks in this matter. *Id.* According to Mr. Wade, the documents he seeks would show greater disability related to hearing loss and hemorrhoids. *Id.*

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The Court "must take all the factual allegations in the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Courts must interpret a *pro se* litigant's pleadings with extra care. *Pro se* complaints like the one in this case are evaluated "in light of all filings, including filings responsive to a motion to dismiss." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Of course, pro se filings still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quoting *Atherton v. District of Columbia*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). "As such, while 'detailed factual allegations' are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action.'" *Montgomery v. Mayorkas*, No. 23-cv-3931 (BAH), 2024 WL 4973406, at *3 (D.D.C. Dec. 4, 2024) (quoting *Twombly*, 550 U.S. at 555).

### III. Discussion

Although Mr. Wade has failed to file a proper response to the motion to dismiss, and the Court advised him that such failure could lead to dismissal of his action, the Court has proceeded to consider whether Mr. Wade's complaint states a claim that survives dismissal. It does not.

Mr. Wade's request for documents from the government, liberally construed, is most comparable to a claim under the Freedom of Information Act.[1] The Act provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). On receipt of a proper complaint, "the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Here, there is no indication in the complaint or otherwise that Mr. Wade has submitted FOIA requests to the relevant agency seeking the documents at issue prior to filing this action that would satisfy the Act's requirements.

### IV. Conclusion

For the foregoing reasons, the Court grants the motion to dismiss for failure to state a claim. A separate order consistent with this decision accompanies this memorandum opinion.

---

[1] This understanding of Mr. Wade's complaint is supported by his non-compliant response to the motion to dismiss, which describes his action as a "Freedom of Information Request." ECF No. 9 at 2.

                                                                       _____

                                                                       AMIR H. ALI  
                                                                       United States District Judge

Date:   January 8, 2025